IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 13-0115-WS-C |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on *pro se* plaintiff Derek Quinn's Motion to Extend Time to File Response (doc. 56).

On January 13, 2014, the undersigned entered an Order (doc. 47) directing that plaintiff's response to defendants' Motions for Summary Judgment (docs. 42, 44) be filed on or before February 7, 2014, with movants' reply briefs to be due by February 21, 2014. At a hearing conducted in this case on January 16, 2014, Magistrate Judge Cassady indicated to Quinn and his then-attorney of record, Robert Rone, Esq., that he was granting Rone's motion to withdraw and that Quinn (who stated on the record that he graduated from law school and practiced law until his disbarment in 2005) would be expected to proceed *pro se* in this action. Quinn acknowledged on the record that he understood.

On February 13, 2014, some six days after his deadline for responding to the pending Motions for Summary Judgment had expired, Quinn filed this Motion to Extend Time. As grounds for same, Quinn represented to this Court that February 13 was the first time that "Quinn discover[ed] that a motion for summary judgment had been filed" against him in this case. (Doc. 56, at 1-2.) Quinn further represented his status as "not knowing of a summary judgment motion" until the day he filed the Motion to Extend Time. (*Id.* at 2.) Quinn stated that he "discovered this summary judgment motion and was given a copy of it only today, being February 13, 2014, which is reportedly already past the time for response." (*Id.* at 2.)

Upon careful review of the file, the Court concludes that Quinn's professed ignorance of the pending summary judgment motions until February 13, 2014 is demonstrably false. The undersigned has listened to the audio recording of the January 16 hearing in this action, which Quinn attended and in which he actively participated. By the undersigned's count, Judge Cassady referenced the pending summary judgment motions on no fewer than <u>four</u> occasions over the course of the 19-minute hearing. For example, Judge Cassady remarked early in the hearing, "I see that summary judgment motions have been filed." Later in the hearing, Judge Cassady specifically stated to Quinn that "you now have [defendants'] information on summary judgment." When Quinn began to protest that he had not seen the summary judgment motions, Judge Cassady shrugged off that concern by reminding Quinn that he (Quinn) now had complete access to the court file. Based on this clear record of the hearing, the Court finds that Quinn had actual knowledge of the pending summary judgment motions by no later than January 16, 2014, more than three weeks before his responses were due.

Furthermore, Judge Cassady's written Order (doc. 54) dated February 5, 2014, included the following statement: "The undersigned also reminds the plaintiff that the defendants' motion for summary judgment (doc. 42) remains pending before Chief United States District Judge William H. Steele and that Judge Steele has ordered that the plaintiff must file any response to the defendants' motion by February 7, 2014 (doc. 47)." (Doc. 54, at 6.) Court records confirm that electronic notice of the February 5 Order was sent to Quinn at his designated email address at 11:10 a.m. on February 5. Therefore, even if the January 16 hearing had not been replete with references to the pending summary judgment motions (which it was), a court order e-mailed to Quinn placed him on notice of those motions and his response obligations some 8 days before he now says he first discovered the existence of the Rule 56 motions. If Quinn read the February 5 Order, then that fact belies his assertion that he knew nothing of the summary judgment motions until February 13. However, if Quinn failed to read that court order, then he has only himself to blame for missing the briefing deadline plainly referenced therein.

Even if these misrepresentations were not fatal to Quinn's Motion (which they are), the Federal Rules of Civil Procedure allow a federal district court to extend a briefing deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B), Fed.R.Civ.P. Whether neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed. 74 (1993). Here the relevant circumstances include that Quinn (a former attorney who practiced law, including in federal court, until 2005) knew on January 16, 2014 that his attorney was being allowed to withdraw and that he would be proceeding *pro se* in this action. As of January 16, Quinn also knew that the entire court file was available to him electronically. Therefore, even if Quinn's former attorney never mentioned the summary judgment motions to him, an even minimally diligent litigant in Quinn's position would have reviewed the docket sheet within a reasonable time after January 16 to ascertain what was happening in the case, what deadlines were looming and so on. Even the most cursory inspection of the docket sheet would revealed to a person trained in the law (as Quinn is) that Rule 56 motions were pending and required immediate attention. Yet, by Quinn's own admission, he did not perform this most elementary step of looking at the docket sheet until February 13, 2014, fully four weeks after he knew he was a *pro se* litigant bearing sole responsibility for representing his own interests in this case. In light of these circumstances, the Court readily concludes that Quinn has failed to show excusable neglect, so as to justify an enlargement of time under Rule 6(b)(1)(B), Fed.R.Civ.P.

    For all of the foregoing reasons, including both Quinn's demonstrable misrepresentations to this Court about when he learned of the summary judgment motions and Quinn's failure to show excusable neglect to justify his failure to act timely, the Court finds that plaintiff's Motion to Extend Time (doc. 56) is due to be, and the same hereby is, **denied**.

    DONE and ORDERED this 17th day of February, 2014.

                                         s/ WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE