# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEREK QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0115-WS-C |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on *pro se* plaintiff Derek Quinn's Motion to Reconsider (doc. 58).

By Order (doc. 47) dated January 13, 2014, this Court fixed a briefing schedule for a pair of pending Motions for Summary Judgment, pursuant to which Quinn's response was due no later than February 7, 2014. At a hearing conducted on January 16, 2014, Magistrate Judge Cassady indicated that he was going to allow Quinn's attorney to withdraw and that Quinn (who personally attended and participated in the hearing) would have to represent himself unless and until he retained other counsel. Judge Cassady made repeated mention of defendants' Motions for Summary Judgment during the hearing. When Quinn appeared to protest that he had not seen those Motions, Judge Cassady reminded Quinn that he had complete access to the court file. In a follow-up written Order dated February 5, 2014 and emailed to Quinn at the address he provided, Judge Cassady expressly stated that Quinn's response to the summary judgment motions remained due on or before February 7, 2014.

On February 13, 2014, six days after the summary judgment response deadline, Quinn filed a Motion to Extend Time (doc. 56). In that Motion, Quinn did <u>not</u> assert that he needed more time to respond to the summary judgment motions because (i) he is no longer a practicing lawyer and has to travel to a law library to perform research, (ii) his energies had been focused on other facets of the case, or (iii) he had mistakenly believed that the briefing deadlines would be extended when he requested re-opener of the discovery period. Instead, the sole stated ground for Quinn's Motion to Extend Time was that "only [on February 13] did Quinn discover that a

motion for summary judgment had been filed." (Doc. 56, at 1-2.) This statement was false. Quinn had known about the pending Rule 56 Motions since no later than January 16, 2014. We know this because an audio recording of the January 16 hearing reveals that Judge Cassady referenced those motions repeatedly. Moreover, Quinn had been reminded of those motions (and his impending briefing deadline) in the February 5 Order. Besides, Quinn could and should have checked the docket sheet well before February 13 to ascertain what motions were pending and what deadlines were approaching. For these reasons, this Court entered an Order (doc. 57) on February 17, 2014, denying Quinn's Motion to Extend Time.

Now, Quinn submits a seven-page Motion to Reconsider. In this Motion, he complains of "unreasonable requirements" imposed by this Court, states that he "believes this Court is attempting to hold Quinn to a higher standard," and "asks this court for a little understanding." (Doc. 58, at 4, 5, 7.) Frankly, the Court does not understand plaintiff's conduct. Quinn misrepresented to this Court that he first discovered the existence of the Motions for Summary Judgment on February 13, 2014, when the record conclusively proves otherwise.[1] He admitted that he did not read the February 5 Order (reminding him of the impending summary judgment response deadline) until "immediately prior to and during drafting" his Motion to Reconsider on February 20. (Doc. 58, at 5.) And despite being a former attorney who practiced in federal court, Quinn admittedly did not bother to look at the docket sheet for a month after he took responsibility for this case. Yet he now attempts to blame everyone else – his former lawyer, opposing counsel, Magistrate Judge Cassady, and even this Court[2] – for his failure to respond to

---

[1] On this point, Quinn objects that he "does not have any recording or transcript of the January 16, 2014 hearing to dispute any order to speak intelligently as to all the words of that hearing." (Doc. 58, at 7.) The audio recording of that hearing is part of the court file, and is found at document 49. The Clerk's Office is **directed** to "unrestrict" that audio file as to Quinn, so that he may access it if he so desires.

[2] Quinn suggests that the summary judgment briefing schedule violates Local Rule 7.2 and that his response time was somehow unfairly shortened because he was busy doing other things. He is incorrect. Both Motions for Summary Judgment were filed on January 10, 2014. The January 13 Order provided that plaintiff had until February 7, 2014, or 28 days, to respond to those Motions. Local Rule 7.2 provides that a summary judgment response is due "[w]ithin 30 days … **or as may be otherwise ordered**." LR 7.2(b) (emphasis added). Nothing in Local Rule 7.2 guarantees a litigant 30 days of "unencumbered" time devoid of any other case activity in which to prepare a summary judgment response.

the summary judgment motions in a timely manner.  Quinn has only himself to blame for the predicament in which he has placed himself through neither good cause nor excusable neglect.

The Motion to Reconsider is **denied**, and defendants' Motions for Summary Judgment have now been taken under submission.

DONE and ORDERED this 25th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE