# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEREK QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0115-WS-C |
| | ) |
| DEUTSCHE BANK NATIONAL | ) |
| TRUST COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff Derek Quinn's Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* (doc. 74). Quinn has not filed a separate motion for IFP status on appeal; however, the Court in its discretion construes plaintiff's Affidavit as a motion to proceed on appeal without prepayment of fees and costs.

The Court has written extensively about the history of these proceedings in previous orders. (*See* docs. 57, 60, 66, 70.) In summary, Quinn initiated this action bringing various claims against defendants concerning the servicing of his home mortgage. After the close of discovery, Quinn's counsel was permitted to withdraw from the representation, and Quinn (who holds a juris doctorate degree and previously practiced law in Alabama for several years) represented himself *pro se* thereafter. Quinn failed to file a response to defendants' Rule 56 motions, and his subsequent motion for extension was denied because it contained clearcut distortions of the truth and failed to demonstrate even minimal diligence on Quinn's part (as, for example, he admitted not reading a key order for weeks after he received it). (*See* doc. 57.) His ensuing motion for reconsideration was denied on February 25, 2014, as inaccurate and lacking in merit. (*See* doc. 60.) On March 12, 2014, the Court entered an Order (doc. 66) denying Quinn's request to amend the Complaint as untimely and granting defendants' motions for summary judgment, as to which no timely opposition had been filed. On April 11, 2014, the Court entered an Order (doc. 70) denying Quinn's extensive Rule 59(e) Motion on the grounds that his vigorous protestations of unfair treatment were unfounded both factually and legally, and

in any event he failed to proffer meritorious arguments that might have changed the outcome on summary judgment if he had been allowed to file a response out of time. Quinn now appeals, and seeks leave to do so *in forma pauperis*.

In general, "[t]o proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous." *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Quinn satisfies neither requirement. To satisfy the economic eligibility requirement, a plaintiff must show "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The court file confirms that Quinn paid more than $800 in fees (including a $500 bond) while this case was pending in state court in 2012 and 2013. (*See* doc. 1, Exh. 1, at 5.) Nothing in Quinn's IFP affidavit reflects that his financial conditions have materially worsened in the interim; to the contrary, he reports having the same employer since 2007. Quinn identifies average monthly earnings of $2,276, which exceeds his claimed monthly expenses by more than $100 after backing out mortgage payments that he claims but admittedly does not make (and has not made for years) because his lender will not accept them.[1] The Court fails to see how a monthly income of $2,276 is inadequate to allow him to pay the filing fee and provide basic necessities of life, particularly when he has neither a rent nor a mortgage payment each month. Based on the foregoing, Quinn has not shown that he is unable to pay the appellate filing fee and still support and provide necessities for himself and his dependents. He is therefore ineligible to proceed *in forma pauperis* on appeal.

Even if Quinn could satisfy the economic eligibility requirement, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).

---

[1] Quinn also does not explain why his Affidavit lists $282 in monthly installment payments on a motor vehicle, $158 in monthly insurance on a motor vehicle, and $200 in other monthly transportation costs even though he lists "N/A" under the motor vehicle section of his IFP Affidavit. Thus, Quinn lists $640 in monthly expenses purporting to relate to a vehicle that he does not recite amongst his assets and does not explain. Furthermore, it appears that Quinn has double-counted his real estate property taxes by listing both an $85 and an $80 monthly expense for property tax. If appropriate adjustments are made for these discrepancies, his income appears to exceed actual monthly expenses by a substantial margin.

An appeal is not taken in good faith if it is plainly frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

For the reasons stated in the Orders entered on February 18, 2014, February 25, 2014, March 12, 2014, and April 11, 2014, the undersigned **certifies** that Quinn's appeal is not taken in good faith because it is plainly frivolous, given his failure (despite legal training and experience) to proceed with even minimal diligence, his failure to file a timely response to defendants' summary judgment motions, his demonstrably counterfactual representations about the reasons for that omission, his grossly untimely efforts to amend the pleadings (at enormous prejudice to defendants), his failure to comply with clear judicial directives, and the glaring legal deficiencies in the claims presented in the Complaint. For both economic eligibility and frivolity reasons, then, plaintiff's Motion to Appeal *In Forma Pauperis*, construed from his filing styled "Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*" (doc. 74), is **denied**.

DONE and ORDERED this 15th day of May, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE